UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
JERRY HILL,                     )
                                )
         Plaintiff,             )
                                )
         v.                     )      Civil Action No. 11-34 (RWR)
                                )
JANET NAPOLITANO,               )
                                )
         Defendant.             )
_____)

MEMORANDUM OPINION AND ORDER

Plaintiff Jerry Hill filed this complaint under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a et. seq, against the Secretary of the Department of Homeland Security ("DHS"), the parent organization of his former employer, the Transportation Security Administration ("TSA"), alleging that the TSA terminated his employment based on his age in 2007.  The DHS has moved to dismiss for improper venue or to transfer the complaint to the Eastern District of Virginia or to the District of Oregon.  Because venue is improper here but would be proper in the District of Oregon, the defendant's motion will be granted in part and the case will be transferred to the District of Oregon.

BACKGROUND

Hill, who currently resides in Portland, Oregon, alleges the following facts.  He was employed by TSA from November 2004 to November 2007 as an Assistant Federal Security Director for Law Enforcement at Portland International Airport in Portland,

Oregon.  When he was hired, Hill was over 40 years of age.
(Compl. ¶¶ 4-7).  TSA categorized Hill as a "rehired annuitant"
with a "dual compensation waiver," meaning that Hill had
previously retired from federal service and was drawing a pension
from that service in addition to his full salary from TSA.  (Id.
¶ 7; Def.'s Mem. of P. and A. in Supp. of Mot. to Dismiss
("Def.'s Mem.") at 2.)  In 2005, TSA's Assistant Administrator
declared in a meeting that occurred at TSA's headquarters in
Arlington, Virginia that she opposed renewing dual compensation
waivers because she preferred providing advancement opportunities
to younger employees.  She told Hill's colleague that "you guys
would have to step aside so that younger people could move up."
(Compl. ¶ 8.)  In 2006, Mike Restovich, TSA's Assistant
Administrator for Security Operations stated in a meeting that
occurred in St. Louis, Missouri, that TSA needed to rid itself of
"this type of leadership," and made several derogatory comments
about the age of the agency's upper-level management, including
referring to them as "old, white and pathetic" and "old, white
and gray haired."  (Id. ¶¶ 9-12.)  Later in 2006, TSA's Executive
Resource Council, a body that Hill asserts is influenced by
Restovich, determined that it was not in the best interests of
the agency to continue to allow rehired annuitants to receive a
dual compensation waiver.  Hill alleges that this decision was
made solely or in part based on the age of the reemployed

annuitants.  (<u>Id.</u> ¶ 13.)  In 2007, Hill was terminated as the Assistant Federal Security Director for Law Enforcement at Portland International Airport.  He alleges that he was terminated because of his age.  (<u>Id.</u> ¶¶ 16-17.)

Hill filed the instant complaint against the Secretary of DHS in 2011.  The Secretary has moved under Federal Rule of Civil Procedure 12(b)(3) to dismiss for improper venue, or in the alternative, to transfer the case under 28 U.S.C. § 1404(a) to either the District of Oregon, where Hill resides and where he worked, or the Eastern District of Virginia, where TSA is headquartered.  Hill opposes.

<u>DISCUSSION</u>

Rule 12(b)(3) "allows a case to be dismissed for improper venue."  <u>Hunter v. Johanns</u>, 517 F. Supp. 2d 340, 343 (D.D.C. 2007); <u>see</u> <u>also</u> Fed. R. Civ. P. 12(b)(3).  Generally, a plaintiff bears the burden of demonstrating that venue is proper.  <u>Walden v. Locke</u>, 629 F. Supp. 2d 11, 13 (D.D.C. 2009).  When "'considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor.'"  <u>Walden</u>, 629 F. Supp. 2d at 13 (quoting <u>Darby v. U.S. Dep't of Energy</u>, 231 F. Supp. 2d 274, 276 (D.D.C. 2002)).  If the district where the case is brought is improper,

-4-

the district court "shall dismiss, or if it be in the interest of

justice, transfer such case to any district" where venue is

proper.  28 U.S.C. § 1406(a); see also Haley v. Astrue, 667 F.

Supp. 2d 138, 142 (D.D.C. 2009) (citing Naartex Consulting Corp.

v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983)); Baez v. Connelly,

734 F. Supp. 2d 54, 58 (D.D.C. 2010) ("The decision to transfer

an action [under § 1406(a)] is left to the discretion of the

Court."). "Generally, the interests of justice require

transferring such cases to the appropriate judicial district

rather than dismissing them." Poku v. FDIC, 752 F. Supp. 2d 23,

27 (D.D.C. 2010).  "This Circuit favors transfer under § 1406(a)

'when procedural obstacles [such as . . . improper venue] impede

an expeditious and orderly adjudication on the merits.'" Sanchez

v. United States, 600 F. Supp. 2d 19, 22 (D.D.C. 2009) (quoting

Sinclair v. Kleindienst, 711 F.2d 291, 293-94 (D.C. Cir. 1983));

see also Atwal v. Lawrence Livermore Nat. Sec., LLC, 786 F. Supp.

2d 323, 328 (D.D.C. 2011)).

Since the ADEA lacks its own venue provision, venue is

governed by 28 U.S.C. § 1391(e), which provides in relevant part:

> A civil action in which a defendant is an officer or
> employee of the United States or any agency thereof
> acting in his official capacity or under color of legal
> authority, or an agency of the United States, or the
> United States, may, except as otherwise provided by
> law, be brought in any judicial district in which (1) a
> defendant in the action resides, (2) a substantial part
> of the events of omissions giving rise to the claim
> occurred, or a substantial part of the property that is
> the subject of the action is situated, or (3) the

-5-

plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e). "It is well established that 'mere involvement on the part of federal agencies, or some federal officials who are located in Washington D.C., is not determinative of venue[.]'" Chauhan v. Napolitano, 746 F. Supp. 2d 99, 103 (D.D.C. 2010) (quoting Aftab v. Gonzalez, 597 F. Supp. 2d 76, 82 (D.D.C. 2009)). "[N]aming a cabinet secretary . . . does not alone anchor venue" in the District of Columbia. Aftab, 597 F. Supp. 2d at 81. "'Courts in this circuit must examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia [because] [b]y naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere.'" Aftab, 597 F. Supp. 2d at 81 (quoting Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993)) (alterations in the original).

Here, Hill's complaint pleads no facts that establish that venue is proper in the District of Columbia. TSA's headquarters are in the Eastern District of Virginia (see Def.'s Mem. at 1 n.1), and Hill resides in Oregon, not in the District of Columbia. The complaint does not allege that any events associated with this case occurred in the District of Columbia whatsoever. The plaintiff does not dispute this in his opposition, and instead argues that venue is proper because the

-6-

secretary of DHS "resides" in the District of Columbia.  (Pl.'s
Opp'n at 2. )  However, as is mentioned above, naming a cabinet
secretary does not alone anchor venue in the District of
Columbia.  <u>Aftab</u>, 597 F. Supp. 2d at 81.  Hill's complaint does
nothing more to establish venue in the District of Columbia than
naming the Secretary of DHS as the defendant.  Therefore, venue
is not proper here.

Although venue in this court is improper, this action may be
transferred nevertheless to a proper venue.  Hill argues that
transfer to the District of Oregon or the Eastern District of
Virginia is inappropriate because a substantial part of the
events giving rise to his claim did not occur in either district.
(Pl.'s Opp'n at 2-3.)  It is apparent that the locus of the
gravamen of his complaint - - his discriminatory termination from
his Oregon job - - is Oregon.  Nevertheless, even accepting
Hill's arguments as true that few events associated with the case
occurred in Oregon or the Eastern District of Virginia, 28 U.S.C.
§ 1391(e)(3) expressly provides for venue in the district in
which the plaintiff resides.  That district here is Oregon.
Therefore, the case could have been brought in the District of
Oregon, and transferring the case to that District is in the
interest of justice.

-7-

<u>CONCLUSION AND ORDER</u>

Hill has not established that venue in the District of Columbia is proper for his claim.  Because venue is improper here but would be proper in the District of Oregon, it is hereby

ORDERED that the defendant's motion [5] to dismiss or in the alternative to transfer be, and hereby is, GRANTED IN PART.  The Clerk is directed to transfer this case to the United States District Court for the District of Oregon.

SIGNED this 16th day of March, 2012.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge